UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al., | ) ) ) | CASE NO.: 1:03CV662 |
| | ) | JUDGE BARRETT |
| Plaintiffs, | ) ) ) | |
| vs | ) ) | CONSENT DECREE |
| JEFF WYLER EASTGATE, INC. formerly known as JEFF WYLER CHEVROLET, INC., et al., | ) ) ) ) ) | |
| Defendants. | ) | |

The Equal Employment Opportunity Commission (the "Commission" or "EEOC"), an agency of the United States Government, filed this Action on September 25, 2003, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 ("1991 CRA"). The Commission filed a Second Amended Complaint on August 9, 2004. In its Second Amended Complaint, the Commission alleged that Defendant Jeff Wyler Eastgate, Inc., formerly known as Jeff Wyler Chevrolet ("Jeff Wyler Eastgate") and ten additional related Jeff Wyler corporate entities violated the statutes by failing to hire Ms. Patricia S. Cameron-Lytle ("Plaintiff-Intervenor"), and similarly situated women, as salespersons because of their sex, female.[1]

---

[1] In its Second Amended Complaint the Commission alleged Jeff Wyler Eastgate, Inc. and the following corporate entities have at all relevant times operated as an integrated enterprise and have continuously been a single employer: Jeff Wyler Automotive Family, Inc., Jeff Wyler Colerain, Inc., Jeff Wyler Fairfield, Inc., Jeff Wyler Hillcrest, Inc., Jeff Wyler Springfield, Inc., Jeff Wyler Trotwood, Inc., Jeff Wyler Alexandria, Inc., Jeff Wyler Florence, Inc., Jeff Wyler Ft. Thomas, Inc., and Jeff Wyler Clarksville. All eleven Defendants will be collectively referred to herein as "Defendants."

Patricia S. Cameron-Lytle filed a Motion to Intervene on October 16, 2003, and the Court granted the motion on February 19, 2004. Plaintiff-Intervenor filed her Amended Complaint in Intervention on August 9, 2004. Defendant Jeff Wyler Eastgate filed its Answer to the Commission's Second Amended Complaint on October 8, 2004.

For purposes of this Consent Decree only, the Defendants admit to the jurisdiction of this Court over the subject matter of this Action.

The Parties have conferred and resolved this matter and have advised this Court that they desire to resolve the instant controversy without the burden, expense and delay of further litigation.

Now, therefore, without trial or adjudication of any issue of fact or law raised by the Commission's Complaint, it is the finding of this Court that: (1) this Court has jurisdiction over the parties and the subject matter of this action pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343, and 1345; (2) the provisions of Title VII and the 1991 CRA will be carried out by the implementation of this Decree; and (3) this Decree is entered into pursuant to Title VII and the 1991 CRA.

It is therefore DECREED as follows:

1. The term of this Decree shall be five (5) years from the date of Entry, which shall be considered as the Effective Date of this Decree.

2. The Commission may review compliance by the Defendants with this Decree in accordance with its terms. As a part of its review, the Commission may, in accordance with the terms of this Decree, require written reports from the Defendants relevant to compliance, and may at all reasonable times, after reasonable notice, inspect the various places of business where Defendants operate and have access to, for the purposes of examination, and the right to copy, any evidence relevant to compliance with this Decree, and to interview witnesses.

3. The Defendants, their officers, agents, employees, successors, assigns and all others in active concert with them, are hereby enjoined from discriminating against any applicant because of sex.

4. The Defendants, their officers, agents, employers, successors, assignees and all others in active concert with them, shall not discriminate against any individual because such individual has opposed any practice made unlawful under Title VII, or because s/he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII.

5. Nothing in this Decree shall preclude the Commission from bringing suit to enforce the terms of this Decree; nor shall this Decree preclude future action by the Commission or other persons to remedy any alleged violations of Title VII by Defendants other than the alleged violations that are the subject of the instant case.

6. This Decree, being entered with the consent of the Equal Employment Opportunity Commission and the Defendants, shall not constitute an adjudication or finding on the merits of this case nor shall it be deemed an admission by the Defendants of any violation of Title VII or the 1991 CRA.

### JOB OFFERS

7. Within twenty (20) days following the date of entry of this Decree, EEOC and counsel for Plaintiff-Intervenor shall provide to counsel for Defendants, from the list of claimants identified by EEOC and counsel for Plaintiff-Intervenor listed on **Attachment A** ("Claimant" or "Claimants"), the name of each Claimant who has an interest in current or future employment in the position of Salesperson for Defendants, the current address of each such Claimant, the date or approximate date

3

such Claimant first applied to the Defendants, and the name of the dealership(s) at which such Claimant is interested in working as a Salesperson for the Defendants.

8. The Defendants shall offer the next openings for Salesperson positions to the Claimants identified by EEOC and counsel in accordance with the preceding paragraph, by chronological order representing the date or approximate date the individual first applied to the Defendants, taking into account the location preference indicated by the Claimant and the current availability of Salesperson positions at the dealership(s) identified by the Claimant. Each offer shall be conditioned on the Claimant meeting the valid, nondiscriminatory qualifications for a Salesperson position required of all other Salespersons at the time of the offer, passing standard screening criteria of passing a drug test, background check, and holding a valid motor vehicle license. The Defendants may require a Claimant to interview for the position in order for the Defendants to determine the their qualifications. The Defendants shall notify the Claimant in writing by U.S. First Class Mail of the interview request and shall at the same time provide EEOC with a copy of the notification. The Claimant shall have five (5) days within which to respond to an interview request and be interviewed. Any failure to make a timely response to an interview request shall be deemed no response, and the Defendants shall have no further obligation to consider the Claimant for a position. Likewise, the Defendants shall have no further obligation to consider the Claimant for a position if the Claimant rejects an interview request. If after any such interview, the Defendants deem the Claimant not qualified, it shall notify EEOC in writing within three (3) days of the interview, explaining all reasons for the decision, and presenting EEOC with all documentary evidence relating to the Claimant's qualifications. If the Defendants deem that the Claimant has not met the standard screening criteria, Defendants shall notify EEOC in writing within five (5) days of the interview, presenting EEOC with

4

all documentary evidence relating to the Claimant's failure to meet the standard screening criteria. EEOC shall have seven (7) days within which to notify the Defendants whether it disputes the Defendants' determination of the Claimant's qualifications or failure to meet the standard screening criteria. Any such dispute which cannot be resolved voluntarily by Defendants and EEOC within ten (10) days of EEOC's notification to Defendants of said dispute shall be submitted to the U.S. Magistrate Judge presiding over this matter. The U.S. Magistrate Judge's determination of the dispute shall be final. Any and all costs related to the U.S. Magistrate Judge's dispute resolution shall be shared equally by the parties.

9. The Defendants shall make the offers provided for above in writing, including the date of the offer. The Claimant shall have fourteen (14) calendar days after receipt of a job offer from the Defendants within which to commence work. If the Claimant fails to report within fourteen (14) calendar days, the Defendants shall have no further obligation to consider the Claimant for a position. The compensation shall be commensurate with the then prevailing compensation offered by the Defendants to Salespersons hired who are similarly qualified.

## BACK PAY AND COMPENSATORY DAMAGES

10. Following the Court's approval and entry of the Consent Decree, and subject to such provisions and conditions as may be hereinafter set forth, the Defendants shall pay back pay and compensatory damages in the total sum of $2,300,000.00 to the individual Claimants named in **Attachment B** (Master Payment List) attached hereto. Payment of this amount shall be made in the manner hereinafter provided and shall be deemed in full settlement of any and all claims for back pay, compensatory damages and any other monetary relief, no matter how designated. All parties shall bear their own costs.

11. The payments will be made in three installments: One million ($1,000,000.00) of the amount specified in the preceding paragraph shall be paid within thirty (30) days of the Entry Date (Claimants identified in **Attachment C1 and C2**), with the remaining two-thirds of the amount specified in numbered Paragraph 10 (i.e., one million three hundred thousand ($1,300,000.00)) shall be paid in two equal additional installments over the next two (2) years (February 2008 and February 2009). The second installment of six hundred and fifty thousand dollars ($650,000.00) shall be paid twelve (12) months after the Entry Date (Claimants identified in **Attachment D**), and the final installment of six hundred and fifty thousand dollars ($650,000.00) shall be paid twenty-four (24) months after the Entry Date (Claimants identified in **Attachment E**).

12. The Commission shall determine the pro rata portion of this fund that shall be distributed to each of the individual Claimants (**Attachment B**). The Commission shall also determine which portion shall constitute backpay and which portion shall constitute compensatory damages and shall advise counsel for Defendants of same in writing within ten (10) days of the Effective Date. The Defendants shall deduct from the amounts designated as back pay, all federal, state and local income tax and Social Security withholding or other statutory amounts normally deducted from wages. No amounts shall be deducted for withholding from the amounts designated as compensatory damages.

13. All payments to the four individual Claimants named in **Attachment C1** which are required by Paragraphs numbered 11 and 12 of this Consent Decree, shall be mailed by Certified Mail, Return Receipt Requested. Each check shall be accompanied by a statement detailing the gross amount, itemization and identification of all deductions for withholding, and the net amount. The checks and statements shall be mailed to the individuals' addresses, which addresses shall be provided

by EEOC to the Defendants within ten (10) days of the Effective Date. Thereafter, the EEOC shall modify and notify Defendants promptly upon being notified of address changes by the individuals. The addresses shall be furnished to the Defendants by delivering same to counsel for Defendants.

14. Should any check to the four individual Claimants named in **Attachment C1** be returned undelivered, the Defendants shall forthwith notify EEOC's counsel in writing and shall provide EEOC with the envelope in which the check was mailed to the individual, along with any explanations provided by postal authorities. Defendants shall remain liable for any such undelivered payment, but after notifying EEOC in accordance with this paragraph, may tender any such undelivered payment to EEOC.

15. Upon failure of the Defendants to make payment in accordance with this Consent Decree, and upon ten (10) days' written notice to the Defendants, Defendants shall have ten (10) days to cure any such failure. If Defendants fail to cure timely, all payments set forth in said paragraphs shall be immediately due and owing as of the date for payment which the Defendants failed to make, provided, however, that Defendants shall have twenty (20) days to make such payment or show good cause, which shall not include inability to pay, why such payment has not been made. Further upon default, interest shall accrue on the balance of the amounts owing under Paragraphs numbered 10, 11 and 12 of this Consent Decree from date of default to time of payment at the IRS penalty rates applicable during the period of default.

16. The Defendants shall provide each individual listed in **Attachment C1** with a completed W-2 every year following payment at the time required by law by mailing same to the individual at the address provided by EEOC and shall at the same time provide EEOC a copy of each W-2.

7

17. The Defendants shall provide each individual listed in **Attachment C2, D and E** with a completed W-2 every year following payment at the time required by law by mailing same to the individuals at the addresses provided by their counsel, Meizlish & Grayson, and shall at the same time provide EEOC a copy of each W-2. Meizlish & Grayson shall provide to Defendants a current address for their clients on or before January 1 of every year following the year in which payment is made to the claimants to facilitate service of the W-2s to their clients.

18. All payments to the thirty-five individual Claimants named in **Attachment C2, D and E** required by Paragraphs numbered 11 and 12 of this Consent Decree shall be made to their attorneys, Meizlish & Grayson, as Trustees of the individual Claimants.

## RELEASE AND WAIVER

19. In order to receive any relief pursuant to the terms of this Decree, Plaintiff-Intervenor and each Claimant shall be required to execute a Release and Waiver, in the form attached hereto as **Attachment F**, and such executed Release and Waiver must be sent to the Commission at the following address: Attention - Associate Regional Attorney, EEOC Cleveland Field Office, AJC Federal Building, 1240 East Ninth Street, Suite 3001, Cleveland, Ohio 44199. Upon the Commission's receipt of each such executed Release and Waiver form, the Commission shall send a copy of the executed Release and Waiver form to counsel for the Defendants. Upon the Commission's receipt of confirmation that the eligible Claimant has received the relief to which she is entitled under the terms of this settlement, the Commission shall transmit the original executed release to counsel for the Defendants.

## NOTICE POSTING

20. Effective upon entry of this Decree, Defendants shall post and keep posted for the

8

duration of this Decree, in conspicuous places upon their premises, where notices to employees or applicants are customarily posted, **Attachment G** and shall report in writing to the Commission upon compliance with this paragraph, to the attention of the Associate Regional Attorney, EEOC Cleveland Field Office, AJC Federal Building, 1240 East Ninth Street, Suite 3001, Cleveland, Ohio 44199, with a statement that identifies such report as being submitted consistent with this Decree.

## SEMI-ANNUAL REPORTS

21.  Defendants shall, for periods indicated below, submit to EEOC semi-annual reports listing:

- (A)  the name, address, social security number, home phone number, date of application and job applied for, for each female who applies for employment to Defendants for a sales position for a period of five (5) years from the Effective Date;

- (B)  the name, address, social security number, home phone number, date of application and job applied for, for each male who applies for employment to Defendants for a sales position for a period of five (5) years from the Effective Date;

- (C)  the name, address, social security number, home phone number, date of application, job applied for and job hired into, for each individual who is hired by Defendants for a sales position for a period of five (5) years from the Effective Date;

- (D)  a brief explanation indicating why a female rejected for employment in a sales position was not considered qualified for such employment opportunity given to a male during the period three (3) years from the Effective Date.

The first semi-annual report is due six (6) months after the date of entry of this Decree, and thereafter reports are due every six (6) months covering the term of this Decree. The reports shall be mailed to the attention of the Associate Regional Attorney, EEOC Cleveland Field Office, AJC Federal Building, 1240 East Ninth Street, Suite 3001, Cleveland, Ohio 44199, with a statement that

9

identifies such reports as being submitted consistent with this Decree.

## TRAINING

22. Defendants shall provide training to managers and supervisors regarding the anti-discrimination requirements of Title VII of the 1964 Civil Rights Act. Such training shall occur at least three times during the term of this Consent Decree, the first occurring within 90 days of entry of this Consent Decree. The training shall, without limitation, include issues of hiring and recruitment, stereotypes regarding groups protected by the anti-discrimination provisions of Title VII, the harmful effects of stereotypes, sexual harassment, record keeping, remedies, and retaliation. Defendants shall report to the Commission within ten (10) days after completion of each training session and include in such report: (1) the name and position held of each person in attendance, (2) a copy of the agenda and a statement of the beginning and ending times of the training; (3) a copy of all materials distributed, and (4) the name and address of the person, organization or entity providing the training. Such report shall be mailed to the attention of the Associate Regional Attorney, EEOC Cleveland Field Office, AJC Federal Building, 1240 East Ninth Street, Suite 3001, Cleveland, Ohio 44199, with a statement that identifies such reports as being submitted consistent with this Decree.

23. Defendants shall obtain the Commission's approval of its proposed trainer prior to the training sessions. Defendants shall submit the name, address, telephone number and curriculum vitae/resume of the proposed trainer, together with the date(s) of the proposed training sessions to the EEOC within thirty (30) calendar days prior to the first day of the proposed date(s) of the proposed training sessions to the EEOC within thirty (30) calendar days prior to the first day of the proposed date(s) of training. The Commission shall have ten (10) calendar days from the date of receipt of the information described above to accept or reject the proposed trainer(s). In the event the Commission

10

does not approve Defendants' designated trainers, Defendant shall have ten (10) calendar days to identify an alternate trainer. The Commission shall have ten (10) calendar days from the date of receipt of the information described above to accept or reject the alternate trainer. Defendants may also elect to utilized the services of the EEOC Training Institute to fulfill its Consent Decree training requirements.

**MANAGEMENT ACCOUNTABILITY**

24. Defendants shall promote management and supervisory accountability by the following conduct:

(A) Providing anti-discrimination training to all of its supervisory and managerial personnel as set forth in Paragraph 22;

(B) Disciplining, up to and including discharge, any supervisor or manager who violates Defendants' policy or policies against discrimination, harassment and retaliation;

(C) Imposing on all managers and supervisory personnel a duty to administer their work areas to ensure compliance with Defendants' policy or policies against discrimination, harassment and retaliation; and

(D) Requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the appropriate responsible company representatives.

25. This Court shall retain jurisdiction of this case for purposes of compliance with this Decree and entry of such further orders as may be necessary or proper to effectuate the purposes of this Decree. The Defendants and the Commission shall each bear their own costs and fees, including bearing their own attorneys fees.

IT IS SO ORDERED THIS 5th day of April, 2007.

Michael R. Barrett
United States District Court Judge

ATTACHMENT A                                    Case 1:03-CV-662
                                                Consent Decree
Employment Offers

| Name/Address | Date of Previous Application | Dealerships of Interest |
|---|---|---|
| Denise Thurmond<br>605 Martin Luther King Blvd.<br>Hamilton, OH 45011 | 11/30/01 | Fairfield<br>Colerain |
| Jennifer Goldick<br>6711 Susan Drive<br>Loveland, OH 45140 | 5/12/03 | Eastgate |
| Jamie Lynn Haywood<br>6551 Rainbow Lane<br>Cincinnati, OH 45230 | 1/2/04 | Eastgate |
| Lindsay Anne Ridenhour<br>3921 Wolf Creek Road<br>Amelia, OH 45102 | 2/9/04 | Eastgate |
| Virginia Auckerman<br>2600 Ipsen Court<br>Dayton, OH 45439 | 4/16/04 | Colerain |
| Charlotte Hill<br>300 Papps Ridge Road<br>Vevay, IN 47043 | 5/21/04 | Florence<br>Ft. Thomas |

ATTACHMENT **B**  Case 1:03-CV-662
Master Payment List  Consent Decree

Linda Adams
Kendra Anderson
Suellen Anderson
Melissa Arlin
Virginia Auckerman
Linda Boehm
Jennifer Brandt
Patricia Cameron Ross
Alexia Campbell
Letha Chalfont
Julie Christopher
Dianna Cooley
Wanda Distler
Nancy Edgington
Bonnie Finns
Jennifer Goldick
Jamie Lynn Haywood
Charlotte Hill
Amy Taubert Ishtewi
Connie Ison
Michelle Wood Keyes
Charlotte Kline
Rebecca LaBarre
Rebecca Lambert
Angela Lenga
Elizabeth Mahan
Shaquila Mathews
Marjean Mays
Shauna Meale
Tamra MacFarland
Barbara Mowen
Pam Phillips
Angela Puckett
Lindsay Anne Ridenhour
Carrie Schuler
Alexandria Taher
Denise Thurmond
Karen Whilon
Cheryl Whisman

**ATTACHMENT C-1**
First Installment Payment

Unrepresented Claimants

Case 1:03-CV-662
Consent Decree

Jennifer Brandt

Marjean Mays

Alexandria Taher

Cheryl Whisman

**ATTACHMENT C-2**  
First Installment Payment

Case 1:03-CV-662  
Consent Decree

Represented Claimants

Linda Adams
Kendra Anderson
Suellen Anderson
Melissa Arlin
Virginia Auckerman
Linda Boehm
Patricia Cameron Ross
Alexia Campbell
Letha Chalfont
Julie Christopher
Dianna Cooley
Wanda Distler
Nancy Edgington
Bonnie Finns
Jennifer Goldick
Jamie Lynn Haywood
Charlotte Hill
Amy Taubert Ishtewi
Connie Ison
Michelle Wood Keyes
Charlotte Kline
Rebecca LaBarre
Rebecca Lambert
Angela Lenga
Elizabeth Mahan
Shaquila Mathews
Shauna Meale
Tamra MacFarland
Barbara Mowen
Pam Phillips
Angela Puckett
Lindsay Anne Ridenhour
Carrie Schuler
Denise Thurmond
Karen Whilon

**ATTACHMENT D**
Second Installment Payment

Case 1:03-CV-662
Consent Decree

## Represented Claimants

Linda Adams
Kendra Anderson
Suellen Anderson
Melissa Arlin
Virginia Auckerman
Linda Boehm
Patricia Cameron Ross
Alexia Campbell
Letha Chalfont
Julie Christopher
Dianna Cooley
Wanda Distler
Nancy Edgington
Bonnie Finns
Jennifer Goldick
Jamie Lynn Haywood
Charlotte Hill
Amy Taubert Ishtewi
Connie Ison
Michelle Wood Keyes
Charlotte Kline
Rebecca LaBarre
Rebecca Lambert
Angela Lenga
Elizabeth Mahan
Shaquila Mathews
Shauna Meale
Tamra MacFarland
Barbara Mowen
Pam Phillips
Angela Puckett
Lindsay Anne Ridenhour
Carrie Schuler
Denise Thurmond
Karen Whilon

## Unrepresented Claimants

Alexandria Taher
Cheryl Whisman

**ATTACHMENT E**
Third Installment Payment

Case 1:03-CV-662
Consent Decree

Represented Claimants

Linda Adams
Kendra Anderson
Suellen Anderson
Melissa Arlin
Virginia Auckerman
Linda Boehm
Patricia Cameron Ross
Alexia Campbell
Letha Chalfont
Julie Christopher
Dianna Cooley
Wanda Distler
Nancy Edgington
Bonnie Finns
Jennifer Goldick
Jamie Lynn Haywood
Charlotte Hill
Amy Taubert Ishtewi
Connie Ison
Michelle Wood Keyes
Charlotte Kline
Rebecca LaBarre
Rebecca Lambert
Angela Lenga
Elizabeth Mahan
Shaquila Mathews
Shauna Meale
Tamra MacFarland
Barbara Mowen
Pam Phillips
Angela Puckett
Lindsay Anne Ridenhour
Carrie Schuler
Denise Thurmond
Karen Whilon

Unrepresented Claimants

Alexandria Taher
Cheryl Whisman

## ATTACHMENT F

### RELEASE AND WAIVER

[NAME], for and in consideration of $[**fill in amount**] as and for back pay and compensatory damages, the receipt of which is acknowledged, does for herself, her heirs, executors, administrators, successors and assigns, release, acquit and discharge Jeff Wyler Eastgate, Inc. formerly known as Jeff Wyler Chevrolet, Inc., Jeff Wyler Automotive Family, Inc., Jeff Wyler Colerain, Inc., Jeff Wyler Fairfield, Inc., Jeff Wyler Hillcrest, Inc., Jeff Wyler Springfield, Inc., Jeff Wyler Trotwood, Inc., Jeff Wyler Alexandria, Inc., Jeff Wyler Florence, Inc., and Jeff Wyler Ft. Thomas, Inc., and Jeff Wyler Clarksville, Inc., their officers, agents, shareholders, managers, parents, subsidiaries, divisions, affiliates predecessors, successors, indemnitors, partners, directors, insurers, and attorneys and assigns of and from all claims I may have against them, which are covered by the allegations in a certain civil action in the United States District Court for Southern District of Ohio, Western Division, which is Civil Action No. 1:03CV662, styled Equal Employment Opportunity Commission et al. v. Jeff Wyler Eastgate, Inc., formerly known as Jeff Wyler Chevrolet, Inc., et al., and /or are covered by allegations under Title VII of the Civil Rights Act of 1964, as amended, and Title I of Civil Rights Act of 1991, made in Commission Charge Number 221A20047 styled Patricia S. Cameron-Lytle v. Jeff Wyler Used Car Superstore.

_____     _____
Date                                        [NAME]

17

## ATTACHMENT G

## NOTICE TO ALL APPLICANTS FOR EMPLOYMENT

This notice to all Applicants is being posted as part of the remedy agreed to between the parties in settlement of an employment discrimination suit known as <u>Equal Employment Opportunity Commission v. Jeff Wyler Eastgate, Inc., et al</u>, Civil Action No. 1:03-CV-622.

Federal law requires, among other things, that there be no discrimination against any employee or applicant for employment because of the employee's sex.

It is the policy of Jeff Wyler Eastgate, and all of its related corporate entities including Jeff Wyler Automotive Family, Inc., Jeff Wyler Colerain, Inc., Jeff Wyler Fairfield, Inc., Jeff Wyler Hillcrest, Inc., Jeff Wyler Springfield, Inc., Jeff Wyler Trotwood, Inc., Jeff Wyler Alexandria, Inc., Jeff Wyler Florence, Inc., and Jeff Wyler Ft. Thomas, Inc. and Jeff Wyler Clarksville, Inc. to consider and hire applicants without regard to sex. Jeff Wyler Eastgate and all of its related corporate entities, encourage qualified females to apply for employment.

If you believe that you have been discriminated against because of your sex, you may contact the Equal Employment Opportunity Commission ("EEOC") at the following national toll-free number: 1-800-669-4000. If you have a TTY device for hearing impaired: TTY number is 1-800-669-6820. You may also contact the EEOC's Cleveland Field Office at the following number: (216)522-2001; TTY (216)522-8441.

18